UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                     :
MARK SIMONETTI                       :
                                     :
v.                                   :  CIV. NO. 3:04CV1732 (JCH)
                                     :
CITY OF BRIDGEPORT,                  :
CHIEF WILBUR CHAPMAN,                :
CAPTAIN LEONARD SAMATULSKI,          :
LIEUTENANT JOHN BRENNER, and         :
DETECTIVE PAUL ORTIZ                 :
                                     :
```

RULING ON PENDING DISCOVERY MOTIONS [**DOC.#18, 19, 29, 30]**

A conference call was held on November 7, 2005, to discuss the pending discovery motions and for the parties to seek leave of the Court to extend the discovery and the deadline for filing Motion(s) for Summary Judgment.  Discovery closed on September 30, 2005.  The parties reported the resolution of several pending discovery motions at the conference.[1]

The following motions remain outstanding. Plaintiff seeks to compel answers and responses from the individual defendants Samatulski, Brenner, and Ortiz **[Doc. #18],** and the City of Bridgeport and defendant Wilbur Chapman to Interrogatories and Requests for Production dated February 11, 2005[2] **[Doc. #19].** Also pending is defendants City of Bridgeport and Wilbur Chapman's Motion to Quash the subpoena duces tecum and notice of deposition

_____

[1]The motions reported resolved were: plaintiff's Motion to Compel [Doc. #20, 21, 23] and plaintiff's Motion to Amend/Correct Complaint [Doc. #27].

2In the Amended Complaint, plaintiff has withdrawn his claims against Sergeant John Whalen.

of the records keeper of the City of Bridgeport Police

Department. **[Doc. #29].**   Finally, plaintiff seeks an order

compelling the City of Bridgeport to provide answers to

plaintiff's interrogatories and requests for production dated

August 5, 2005. **[Doc. #30].**   During the conference, plaintiff

agreed to narrow some of his requests and defendants agreed to a

limited production of documents.

For the reasons that follow, plaintiff's Motions to Compel

Discovery **[Doc. #18, 19 and 30]** are **GRANTED** in accordance with

this ruling and order.  Defendants' Motion to Quash Subpoena

**[Doc. #29] is MOOT**  to the extent that the records deposition did

not go forward and **DENIED without prejudice to refiling** with

regard to privileged documents.


Policies and Procedures Utilized by the Bridgeport Police
Department and the Office of Internal Affairs (OIA)

Plaintiff seeks copies of the policies and procedures

utilized by the Bridgeport Police Department and the Office of

Internal Affairs for the period of July 2003 through the present.

In particular, plaintiff is interested in the policies and

procedures regarding incident report writing, application for

warrants and use of force, among other things.  Defendants agreed

to provide a list, index or table of contents to plaintiff by

Tuesday, November 22, 2005.  Plaintiff will review the list and

designate the policies and procedures she would like copied and

produced.   The parties may renew their argument with the Court if
this matter cannot be resolved. Defendants will provide copies of
the policies and procedures at issue to the Court before renewing
their objection.


Interrogatory #1

     Defendants will provide for each individual defendant, his
name, date of birth, and an employment history, including, but
not limited to, a certified list of the positions held, rank and
station house assignments of the individual police officers,  and
witnesses Dimbo, Gonzalez and Perez for the last ten (10) years.
Defendants will provide the overtime/payroll records for these
defendants for July 12, 2003.


Disciplinary History, Civilian Complaints, Internal Affairs
Investigations, Criminal Charges, Psychological History and All
Legal Actions

     Defendants will produce the disciplinary history, civilian
complaints, internal affairs investigations, criminal charges,
psychological history and all legal actions brought against the
individual defendants including Wilbur Chapman and witnesses
Dimbo, Gonzalez and Perez for the past ten (10) years.
Defendants will file motion for protective order with a privilege
log with the Court on or before Tuesday, November 22, 2005, in
compliance with Fed. R. Civ. P. 26(b)(5).  Defendants will
provide the documents under seal to the Court for in camera

review.

Roll Call Sheets and Assignments for July 12, 2003

Defendant City of Bridgeport agreed to provide the roll call sheets and assignments of Bridgeport Police Officers and witnesses Dimbo, Gonzalez and Perez for July 12, 2003.

Outstanding Discovery

Plaintiff stated that there remains a number of interrogatories and requests for production to which the individual defendants either have no objection (interrogatories #3,7,9,10 and 13 and requests for production #4,5, and 6) or objected to, but stated they would eventually answer or produce subject to the objection (interrogatories #4,6, and 12 and requests for production # 3 and 7).  Defendants will produce this discovery, and any other unobjected to discovery, on or before Tuesday, November 22, 2005.  Any requests for an extension of time must be made in advance of the deadline and pursuant to D. Conn. L. Civ. R. 7 (b)(2) and (3).

Discovery Hearing

If the parties seek further argument on these motions, they may be heard on **Wednesday, November 30, 2005 at 10:00 AM**. The parties will contact the Court to be placed on the calendar. A letter outlining the outstanding discovery issues will be due in chambers by Monday, November 28, 2005.  Any documents withheld on

the grounds of privilege,  relevance, or any other objection, by
defendants will be brought to Court with a privilege log.  The
privilege log will be provided to plaintiff's counsel and the
Court by Monday, November 28, 2005. Plaintiff may respond in
writing or at oral argument.

CONCLUSION

    Accordingly, plaintiff's Motions to Compel Discovery **[Doc.
#18, 19 and 30]** are **GRANTED** in accordance with this ruling and
order.  Defendants' Motion to Quash Subpoena **[Doc. #29] is MOOT**
to the extent that the records deposition did not go forward **and
DENIED** without prejudice to refiling with regard to privileged
documents.  Defendants will comply with the order regarding
privileged documents set forth above.

    The parties are encouraged to contact the Court as issues
arise in complying with this ruling and order, so a conference
may be scheduled.  Any requests for extension of the Court's
deadlines must be made in advance of the deadline.

    This is not a recommended ruling.  This is a discovery
ruling and order which is reviewable pursuant to the "clearly
erroneous" statutory standard of review.  28 U.S.C. § 636
(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of
the Local Rules for United States Magistrate Judges.  As such, it

is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

     ENTERED at Bridgeport this 22nd day of November 2005.


                      ___/s/_____
                      HOLLY B. FITZSIMMONS
                      UNITED STATES MAGISTRATE JUDGE